**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

<u>**NOT FOR PUBLICATION**</u>

<u>LETTER OPINION</u>

August 5, 2008

<u>**VIA ELECTRONIC FILING**</u>

Shmuel B. Klein
Law Office of Shmuel Klein, PC
113 Cedarhill Avenue
Mahawah, NJ 07430

Babak Pourtavoosi
320 East Shore Road, Suite 11C
Great Neck, NY 11023

John P. Campbell
Schenck Price Smith & King, LLP
10 Washington Street
PO Box 905 Morristown, NJ 07963

   Re: <u>Eileen Rodriguez, et al. v. Master Cars USA, Inc., et al.</u>,
      Civil Action No. 08-2376 (JLL)

Dear Counsel:

  This matter is before the Court on Plaintiffs Eileen Rodriguez and Lateesha Amons' ("Plaintiffs") motion for default judgment against Defendant Master Cars USA, Inc. ("Master Cars" or "Defendant"), Defendant's motion to set aside the Clerk's entry of default, and Plaintiffs' application to stay car payments and for interim injunctive relief. The matter is resolved on the submissions of the parties, without oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Defendant's motion is granted, Plaintiffs' motion for default judgment is deemed moot, and Plaintiffs' application to stay car payments and for interim injunctive relief is denied.

1

I.       **Background**

On May 15, 2008, Plaintiffs filed a complaint (the "Complaint") against Defendant Master Cars USA, and Defendants Master Motor Sports, Armin Baratian, Mark B., Shawn, Jack, Norman, and HSBC Auto Finance ("HSBC" and all listed defendants collectively with Master Cars, the "Defendants"), alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601, the New Jersey Consumer Fraud Act ("NJCFA"), New York Business Law, New York Civ. L. & R. ("CPLR") § 349, the Credit Repair Organization Act, 15 U.S.C. § 1679, et seq., and asserting claims for common law fraud, negligence and negligent misrepresentation, infliction of emotional distress, and breach of contract.  On June 2, 2008, counsel for Plaintiffs filed an affidavit of service for summons and the Complaint as served on Master Cars, requiring Defendant to answer or otherwise respond to the Complaint by June 18, 2008.  On June 24, 2008, no answer or other materials having been received from Master Cars, this Court issued an order directing Plaintiffs to move for default against Defendant.  Plaintiffs complied six days later.[1]  The Clerk entered default against Master Cars on July 2, 2008.  On July 11, 2008, Defendant Master Cars filed its motion to set aside default.  Plaintiffs submitted an opposition to the motion on August 1, 2008.[2]

Prior to the filing of Defendant's motion, on July 9, Plaintiffs filed a motion to stay car payments and for interim injunctive relief which Defendant HSBC opposes the motion.

II.       **Discussion**

   A.       **Motion to Set Aside Entry of Default**

Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for "good cause."  Fed. R. Civ. P. 55(c).  Adjudication of a motion to set aside default is left to the discretion of the district court.  Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002).  In reviewing such a motion, the court must consider: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense;

---

[1] Plaintiffs submission requesting default also included the materials necessary for the Court to consider an entry of default judgment under Fed. R. Civ. P. 55(b)(2), including a form of order for the Court to enter default judgment against Master Cars.  Consequently, the Court will consider the submission both a request for entry of default and a motion for default judgment.

[2] Plaintiffs' opposition is untimely as it was filed well-after July 21, 2008.  See L. Civ. R. 7.1(d)(2) ("The brief and papers in opposition to a motion . . . must be filed with the Clerk at least 14 days prior to the original motion day, unless the Court otherwise orders, or an automatic extension is obtained . . .").  While the Court does not condone such carelessness, because consideration of Plaintiffs' opposition does not impact the outcome of the motion to set aside default, the Court will  consider the motion.

(3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); see Martin v. United States Attorney's Office, No. 06-5115, 2007 WL 1672354, at *1 (D.N.J. June 7, 2007); Getty Petroleum Marketing, Inc. v. Saini, No. 05-4732, 2007 WL 465451, at *2 (D.N.J. Feb. 7, 2007). The Third Circuit disfavors defaults or default judgments, preferring "doubtful cases to be resolved in favor of the party moving to set aside the default . . . so that cases may be decided on their merits." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (quotations omitted).

Plaintiffs contend that they would be prejudiced if this Court vacated the Clerk's entry of default as "they are forced to make the high monthly payments on the vehicle which they were fraudulently coerced into buying and financing." (Affirmation in Opposition to Mot., ¶ 8.) However, the Court's adjudication of Plaintiffs' motion for interim injunctive relief will help determine whether Plaintiffs will indeed be prejudiced. Furthermore, Defendant will be prejudiced if the Court does not vacate the entry of default in that it contends that it will deprived of its right to defend itself against what it contends are meritless allegations. (Def. Br. at 6.)

Secondly, Defendant's account of the facts at issue in this action vary significantly from those alleged in the Complaint. (See Aff. of Armin Baratian ("Baratian Aff."), ¶¶ 5-55.) Defendant asserts that such a discrepancy evidences Master Cars' *prima facie* meritorious defense, i.e., that Defendant can show a dispute of material fact with respect to the alleged wrongs.

Thirdly, Master Cars asserts that its delay in responding to Plaintiffs' Complaint resulted from its efforts to "retain proper legal counsel to advise it and represents its interests in this matter." (Def. Br. at 8.) To wit, Armin Baratian, President of Master Cars, submitted an affidavit in support of Defendant's motion attesting to his "diligent[] and urgent[]" search for legal counsel, including interviewing four lawyers and law firms. (See Baratian Aff., ¶¶ 56-83.)

On these arguments and mindful of the Third Circuit's preference to resolve cases on their merits rather than by default, the Court finds that Defendant has shown "good cause" to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) and thus, grants Defendant's motion. Consequently, Plaintiffs' motion for default judgment is deemed moot.

### B.    Motion for Stay of Car Payments and Interim Injunctive Relief

A preliminary injunction is an "'extraordinary remedy' and 'should be granted only in limited circumstances.'" Kos Pharms. Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (quoting Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994)). Nonetheless, a district court's decision to issue a preliminary injunction is discretionary. Abbott Labs. v. Andrx Pharms., Inc., 452 F.3d 1331, 1334 (Fed. Cir. 2006). A court may grant a preliminary injunction only if a party shows: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will

not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., 369 F.3d at 708. A party must produce sufficient evidence of all four factors – and a district court should weigh all four – for the requested injunctive relief to be awarded. Winback, 42 F.3d at 1427. However, "[a]s a practical matter, if a plaintiff demonstrates both a likelihood of success and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff." Id. at 1427, n.8.

Plaintiffs assert that they can satisfy the first prong because "Defendants' actions are rife with fraud, clearly violative of the Truth in [L]ending [A]ct, NJ[CFA], and the Credit Repair Organization Act." (Pl. Br. at 4.)[3] Plaintiffs maintain that they are suffering "immediate irreparable harm" in the absence of an injunction as they are continuing to make the monthly car payments "that are charged to them as a result of this rip-off." (Id.) The Court need not examine Plaintiffs' averments with respect to the likelihood of success prong as it is clear to the Court that Plaintiffs fail to satisfy the "irreparable harm" inquiry. Those harms easily compensable with money damages are not "irreparable" for purposes of an injunction. See, e.g., Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989) ("In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting plaintiff from harm"); Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102-03 (3d Cir. 1988) ("since [plaintiff] has failed to articulate and adduce proof of actual or imminent harm which cannot otherwise be compensated by money damages, it has failed to sustain its substantial burden of irreparable harm"). If Plaintiffs receive a judgment in their favor, the harm suffered as a result of paying the monthly car payments will be easily calculable in the form of monetary damages. Consequently, Plaintiffs' motion to stay car payments and for interim injunctive relief is denied.

### III.   Conclusion

For the aforementioned reasons, Defendant's motion to set aside the entry of default is granted and Plaintiffs' motion for default judgment is deemed moot. Furthermore, Plaintiffs' motion for interim injunctive relief is denied. An appropriate Order accompanies this Letter Opinion.

/s/ Jose L. Linares
United States District Judge

---

[3] Plaintiff's brief contains no page numbers to assist the Court in determining his compliance with L. Civ. R. 7.2(b). While it is not the Court's duty to count pages, for the sake of clarity and ease of reference, the Court cites to page numbers by the order of the pages. The Court also notes that Plaintiffs' fail to comply with L. Civ. R. 7.2(b) as its brief contains neither a "Table of Contents" nor a "Table of Authorities." On this basis, the Court should dispose of the brief. Despite the fact that Plaintiffs are represented by counsel, it has considered the brief in order to promote judicial efficiency and fairness.